UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHRISTOPHER G. WILLIAMS,<br><br>　　　　Petitioner,<br>　v.<br><br>I. BACA, et al.,<br><br>　　　　Respondents. | Case No. 3:12-cv-00503-MMD-WGC<br><br>ORDER |

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which counsel has been appointed to represent petitioner (dkt. nos. 3, 6). Before the Court is respondents' motion to dismiss the petition as successive (dkt. no. 8). Petitioner opposed (dkt. no. 20), and respondents replied (dkt. no. 21).

The petition in the instant action challenges petitioner's state conviction in case number 92C108502. Petitioner previously challenged this same conviction in this court, filed under case number 2:03-cv-00298-RCJ-RJJ. The petition in case number 2:03-cv-00298-RCJ-RJJ was reviewed on the merits and denied by order filed March 19, 2008 (dkt. no. 71), and judgment was entered (dkt. no. 72). Petitioner appealed (dkt. no. 73). By order filed December 17, 2009, the United States Court of Appeals for the Ninth Circuit affirmed the denial of the habeas petition (dkt. no. 87).

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(3)(A);

(*Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) "the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application" (internal citations and quotations omitted)). This requirement that prisoners obtain authorization from the circuit court before filing a second or successive petition in the district court is jurisdictional. *Burton v. Stewart*, 127 S. Ct. 793, 796 (U.S. 2007).

In the prior habeas case in which petitioner challenged his conviction (case number 2:03-cv-00298-RCJ-RJJ), the court reviewed the merits of the petition and denied the petition. Because the prior habeas corpus petition was decided on the merits, the instant habeas petition is a successive petition. *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009). Thus, petitioner is required to seek and obtain leave of the Ninth Circuit Court of Appeal to pursue this successive petition. *See* 28 U.S.C. § 2244(b)(3) *et seq.*

Respondents moved to dismiss the successive petition because petitioner has failed to seek leave of the Ninth Circuit to pursue such a petition (dkt. no. 8). In his opposition to the motion to dismiss, petitioner, through counsel, acknowledges that he should have sought leave to file a successive petition (dkt. no. 20 at 8). Petitioner then requests this Court grant leave for him to file the successive petition and sets forth his arguments as to why he should be granted leave (*id.* at 8-12). This Court is without jurisdiction to grant petitioner leave to file a successive petition. The arguments set forth in petitioner's opposition appear to be arguments that he would present to the Ninth Circuit in support of his request for authorization to file a second or successive petition pursuant to 28 U.S.C. § 2244(b)(3)(A). Petitioner has acknowledged that he has failed to obtain leave to file a successive petition from the Ninth Circuit Court of Appeals. Therefore, the instant petition will be dismissed as successive.

In order to proceed with any appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236

F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

Pursuant to the December 1, 2009, amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The Court will therefore deny petitioner a certificate of appealability.

Finally, petitioner has attempted to file three *pro se* documents subsequent to his counsel's filing of the opposition to the motion to dismiss: a motion for leave to file proper person pleadings (dkt. no. 22); a statement of additional claims (dkt. no. 23); and a motion for stay and abeyance (dkt. no. 24). In his motion for leave to file proper person pleadings, petitioner argues that even though he raises new claims in the instant petition, that it is his position that this petition is not successive, contrary to his counsel's acknowledgment that it is successive. First, Local Rule IA 10-6(A) prohibits a party who has appeared through counsel from acting in the case. Petitioner thus cannot undertake to represent himself by filing these motions and statement. Second, as discussed in this order, the instant petition is indeed a successive petition, and thus his arguments lack merit. Accordingly, petitioner's motion for leave to file proper person

pleadings (dkt. no. 22) and motion for stay and abeyance (dkt. no. 24) are both denied. His statement of additional claims is stricken.

IT IS THEREFORE ORDERED that respondents' motion to dismiss (dkt. no. 8) is GRANTED.

IT IS FURTHER ORDERED that this action is DISMISSED as a successive petition.

IT IS FURTHER ORDERED that petitioner is DENIED a certificate of appealability.

IT IS FURTHER ORDERED that petitioner's motion for leave to file proper person pleadings (dkt. no. 22) and motion for stay and abeyance (dkt. no. 24) are both DENIED.

IT IS FURTHER ORDERED that respondents' motion to strike pro se filings in represented case (dkt. no. 26) is GRANTED in part as set forth in this order.

IT IS FURTHER ORDERED that the Clerk shall strike petitioner's statement of additional claims (dkt. no. 23).

IT IS FURTHER ORDERED that petitioner's motion for extension of time (dkt. no. 16) is GRANTED nunc pro tunc.

IT IS FURTHER ORDERED that the Clerk shall enter judgment accordingly and close this case.

DATED THIS 15th day of July 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE